IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD PAUL RUBIO,

    Petitioner,                      No. CIV S-05-0638 LKK DAD P

   vs.

JEANNE S. WOODFORD, et al.,

    Respondents.                  FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a habeas petition challenging a decision of the Board of Prison Terms. Respondents have moved to dismiss the petition as time-barred. Petitioner filed opposition to the motion, and respondents filed a reply. Petitioner also filed an objection to respondents' reply.

PROCEDURAL HISTORY[1]

        On February 26, 2002, the Board of Prison Terms conducted a subsequent parole consideration hearing and denied petitioner parole for two years. On April 15, 2002, petitioner filed an administrative appeal, which was denied in a written decision dated January 14, 2003. Prison officials delivered the Board's decision to petitioner on February 5, 2003.

---

[1] Pet., Attach. D; Resp'ts' Mot. to Dismiss at 3 & Ex. 1; Pet'r's Opp'n at 2-3 & Attach. A.

On January 14, 2004, petitioner delivered his first state habeas petition to prison officials for mailing to the Solano County Superior Court. The petition was logged on January 14, 2004, and mailed the next day. The trial court received the petition on January 20, 2004, and denied the petition on its merits by order filed March 4, 2004. Petitioner's second state habeas petition was mailed to the California Court of Appeal for the First Appellate District on March 17, 2004, and was summarily denied by order filed March 25, 2004. Petitioner's final state habeas petition was mailed to the California Supreme Court on April 5, 2004, and was summarily denied by order filed March 16, 2005.

Petitioner submitted his federal habeas petition to prison officials for mailing to the United States District Court for the Eastern District of California on March 21, 2005.

ANALYSIS

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. The AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year period of limitation applies to all federal habeas petitions filed after the statute was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

In their pending motion to dismiss, respondents initially contended that the statute of limitations expired on January 15, 2004, one year after the Board denied petitioner's appeal, and that petitioner was not entitled to statutory tolling for any period of time because all of his state habeas petitions were filed after the statute of limitations expired. Respondents argued in their moving papers that this action is time barred because it was not filed on or before January 15, 2004.

In opposition to respondents' motion, petitioner offered evidence that he delivered his first state habeas petition to prison officials on January 14, 2004. In their reply, respondents concede that petitioner commenced the state court review process when he gave his petition to prison officials on January 14, 2004, with one day remaining of the one-year statute of limitations. Respondents now argue that petitioner is entitled to statutory tolling but that statutory tolling ended on March 16, 2005, when the California Supreme Court issued its decision, and that, because only one day remained of the one year statute of limitations, petitioner was required to file his federal petition the next day. Respondents assert that the federal habeas petition that was delivered to prison officials for mailing on March 21, 2005, is barred by the AEDPA because it was filed five days too late.

Respondents dispute petitioner's contention that the one-year period of limitation did not begin to run until February 5, 2003, when he actually received the Board's decision denying his administrative appeal. Respondents also dispute petitioner's contention that he is entitled to equitable tolling for the delay between the issuance of the Board's decision on January 14, 2003, and his receipt of the decision on February 5, 2003. Petitioner presses both arguments in his objection to respondents' reply.

1    The one-year period of limitation contained in 28 U.S.C. § 2244 "applies to all
2 habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if
3 the petition challenges an administrative decision rather than a state court judgment." Shelby v.
4 Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). See also Redd v. McGrath, 343
5 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming that the AEDPA statute of limitations applies to
6 decisions of parole boards). When a habeas petitioner challenges an administrative decision, it is
7 § 2244(d)(1)(D) rather than § 2244(d)(1)(A) that provides the date on which the limitation period
8 begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. That date is "the date on
9 which the factual predicate of the claim or claims presented could have been discovered through
10 the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

11    Respondents contend that the Board's denial of an administrative appeal is the
12 date on which the factual predicate of the claims presented could be discovered through the
13 exercise of due diligence. They argue that the relevant date in this case is January 15, 2003.
14 Petitioner argues that he could not have discovered the denial of his appeal any earlier than
15 February 5, 2003, the date on which the written decision was delivered to him by prison officials.

16    It is unnecessary to decide whether the one-year period began to run on January
17 15, 2003, or on February 5, 2003, because it is clear that petitioner filed his federal habeas
18 petition within the one-year period of limitation even if the period started running on January 15,
19 2003. Statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) began on January 14, 2004, and
20 continued until the California Supreme Court denied petitioner's final state habeas petition.
21 Although the California Supreme Court denied the petition on March 16, 2005, the order did not
22 become final until thirty days later, on April 15, 2005.[2] See Redd, 343 F.3d at 1080 n.3 (citing

---

[2] "Rule 24 of the California Rules of Court provides that '[a] decision of the Supreme Court becomes final 30 days after filing.' Under Rule 24, a denial of a habeas petition within the California Supreme Court's original jurisdiction is not final for 30 days (and therefore is subject to further action during that time)." Bunney, 262 F.3d at 974. "In California, the state supreme court, intermediate courts of appeal and superior courts all have original habeas corpus jurisdiction." Redd, 343 F.3d at 1079 n.2 (citing Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999)).

4

1  Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001) (per curiam)).  Petitioner delivered his
2  federal habeas petition to prison officials for mailing to this court on March 21, 2005, thereby
3  filing his petition before the one-year period of limitation resumed running.
4        The undersigned finds that petitioner filed his federal habeas petition within the
5  one-year statute of limitations.
6        Accordingly, IT IS HEREBY RECOMMENDED that:
7        1. Respondents' May 5, 2005 motion to dismiss be denied; and
8        2. Respondents be directed to file their answer to the petition.
9        These findings and recommendations will be submitted to the United States
10 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
11 ten days after being served with these findings and recommendations, any party may file and
12 serve written objections with the court.  A document containing objections should be titled
13 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections
14 shall be filed and served within ten days after service of the objections.  The parties are advised
15 that failure to file objections within the specified time may, under certain circumstances, waive
16 the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
17 1991).
18 DATED: September 30, 2005.

                    /s/ Dale A. Drozd
                    DALE A. DROZD
                    UNITED STATES MAGISTRATE JUDGE

21 DAD:13
   rubi0638.mtd