IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD PAUL RUBIO,

    Petitioner,

vs.

JEANNE S. WOODFORD, et al.,

    Respondents.

No. CIV S-05-0638 LKK DAD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

/

    Petitioner is challenging a decision of the Board of Prison Terms. Respondents have moved to dismiss the petition as time-barred. In findings and recommendations filed on October 3, 2005, the undersigned recommended that the motion be denied. In timely objections, respondents noted an error in the court's analysis.[1] The pending findings and recommendations are vacated by this order, and new findings and recommendations are set forth below.

---

[1] The court relied on the Ninth Circuit's holding that "[u]nder Rule 24 [of the California Rules of Court], a denial of a habeas petition within the California Supreme Court's original jurisdiction is not final for 30 days." Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001) (per curiam). Respondents note that in 2002 the California Supreme Court repealed the version of Rule 24 relied upon by the Ninth Circuit. Although respondents further state that a revised version of Rule 24 is applicable to decisions of the California Supreme Court, it appears that revised Rule 24, effective January 1, 2003, applies only to decisions of the courts of appeal. Rule 29.4(b)(2)(C), adopted effective January 1, 2003, provides that the California Supreme Court's "denial of a petition for a writ within the court's original jurisdiction without issuance of an alternative writ or order to show cause" is final on filing.

PROCEDURAL HISTORY[2]

On February 26, 2002, the Board of Prison Terms conducted a subsequent parole consideration hearing and found petitioner unsuitable for parole. On April 15, 2002, petitioner filed an administrative appeal. The appeal was denied in a written decision dated January 14, 2003. On January 14, 2004, petitioner delivered a state habeas petition to prison officials for mailing to Solano County Superior Court. The petition was logged on January 14, 2004, and mailed the next day. The trial court received the petition on January 20, 2004, and denied it on its merits in an order filed March 4, 2004. Petitioner's second state habeas petition was mailed to the California Court of Appeal for the First Appellate District on March 17, 2004, and was summarily denied by order filed March 25, 2004. Petitioner's final state habeas petition was mailed to the California Supreme Court on April 5, 2004, and was summarily denied by order filed March 16, 2005. On March 21, 2005, petitioner submitted his federal habeas petition to prison officials for mailing to this court.

ANALYSIS

I. The Statute

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. The AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] See Pet., Attach. D; Resp'ts' Mot. to Dismiss at 3 & Ex. 1; Pet'r's Opp'n at 2-3 & Attach. A.

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year period of limitation applies to all federal habeas petitions filed after the statute was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. The Parties' Arguments

  Respondents initially contended that (1) the statute of limitations on petitioner's February 26, 2002 parole denial began to run on January 15, 2003, the day after the Board denied petitioner's administrative appeal, and (2) the statute ran without interruption until the one-year limitations period expired on January 15, 2004. Respondents asserted that no statutory tolling is available because petitioner filed his first state habeas petition on January 20, 2004, after the statute of limitations had expired. In anticipation of an equitable tolling argument, respondents noted petitioner's allegation that he did not receive the Board's denial of his administrative appeal until February 5, 2003. Respondents contended that a delay of approximately fifteen business days is within the normal time limits of when an inmate can expect to receive an appeal decision from the Board and that such a brief delay at the beginning of the period of limitations did not constitute an extraordinary circumstance that prevented petitioner from filing his federal habeas petition in a timely manner. (Resp'ts' Mot. to Dismiss at 4-5 & Decl. of D. Dull, Litigation Coordinator, at 1-2.) On the basis of these contentions, respondents argued that petitioner's federal habeas petition must be dismissed as time barred because it was not filed within one year after January 15, 2003.

/////

In opposition to respondents' motion, petitioner cited evidence that he received the denial of his administrative appeal on February 5, 2003, and contended that the statute of limitations did not begin to run until that date or, in the alternative, that the delayed delivery of the decision was an extraordinary circumstance beyond his control. (Pet'r's Opp'n to Resp'ts' Mot. to Dismiss at 1-2 & 4-6; Pet'r's Decl. in Supp. of Opp'n at 1.) Petitioner offered evidence that he delivered his first state habeas petition to prison officials for mailing on January 14, 2004, one day prior to the date on which respondents claim the statute of limitations expired. (Id., Attachs. A & B.) Petitioner asserted that he filed his first state habeas petition by mailing it twenty-two days before the statute of limitations would have expired, if it began to run on February 5, 2003, and that his federal habeas petition was filed within fifteen days after he received the California Supreme Court's denial of his final state habeas petition. On the basis of these contentions, petitioner argued that his federal habeas petition was timely and that respondents' motion should be denied.

In reply, respondents conceded that petitioner commenced the state court review process when he gave his first state habeas petition to prison officials on January 14, 2004, but reiterated their contention that the period of limitations commenced on January 15, 2003, and argued that only one day of that period remained when statutory tolling began. Respondents contended that statutory tolling ended on March 16, 2005, when the California Supreme Court issued its decision, and that, because only one day remained of the one year period, petitioner was required to place his federal petition in the mail on March 17, 2005. On the basis of their amended analysis, respondents argued that the federal habeas petition delivered to prison officials for mailing on March 21, 2005, was mailed five days too late and is therefore barred by the AEDPA statute of limitations.

In reply, petitioner contended that it would be a miscarriage of justice to dismiss his federal habeas petition on the ground that the statute of limitations began to run twenty-one days before he received notice of the Board's denial of his appeal. Petitioner asserted that the

4

1  delayed delivery was also an extraordinary circumstance because the delay arose from the
2  wrongful conduct of prison staff, who withheld the Board's decision for almost a month.
3  Petitioner argued that such delay is a tactic, like others used by prison officials or staff, to delay
4  prisoners' efforts to seek relief from illegal practices.  Petitioner also objected to respondents'
5  contention that the statute of limitations resumed running on March 17, 2005, the day after the
6  California Supreme Court denied petitioner's final state habeas petition.  Petitioner cited the
7  declaration he offered in support of his opposition and asserted that (1) he received the California
8  Supreme Court's decision on March 17, 2005, at approximately 5:00 p.m.; (2) on the morning of
9  March 18, 2005, a Friday, he asked a correctional officer to process his in forma pauperis
10 application so he could mail his federal habeas petition that afternoon as soon as he completed it;
11 (3) the officer stated he could not process the in forma pauperis application without the
12 completed habeas petition; (4) when petitioner completed his habeas petition later that day, the
13 officer had left; (5) petitioner was unable to submit his documents for processing until the officer
14 returned on the following Monday, March 21, 2005.  Petitioner argued that the circumstances
15 surrounding the prison administrative system and institutional procedures for processing in forma
16 pauperis applications and legal mail constituted additional extraordinary circumstances entitling
17 him to equitable tolling.

III.  Discussion

The Ninth Circuit has determined that the one-year period of limitation contained in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment."  Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted).  See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to decisions of parole boards).  When a habeas petitioner challenges an administrative decision, it is § 2244(d)(1)(D) that provides the date on which the limitation period begins to run.  Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83.

5

Under § 2244(d)(1)(D), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In <u>Redd</u>, a California state prisoner challenged the parole board's determination that he was unsuitable for parole. The district court dismissed the prisoner's federal habeas petition as untimely on the ground "that 'the factual predicate' of Redd's claims was the Board's denial of Redd's administrative appeal on December 7, 1998, and that the limitations period began to run on the following day." 343 F.3d at 1080. The Ninth Circuit agreed that "the factual basis of Redd's habeas claims was the Board's denial of his administrative appeal on December 7, 1998." <u>Id.</u> at 1082. The Ninth Circuit explained that the date of the factual predicate was to be determined "by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence." <u>Id.</u> at 1082 & 1084. The court observed that "Redd does not dispute that he received notice of the Board's decision on December 7" and decided that the limitations period therefore began to run for Redd's claims on December 8, 1998. <u>Id.</u>

In the <u>Redd</u> decision, the Ninth Circuit noted that four federal courts of appeals had held that 28 U.S.C. § 2244(d)(1)(D) applies to habeas petitions challenging the decisions of administrative bodies such as parole and disciplinary boards. <u>Id.</u> at 1082 n.8 (citing <u>Wade v. Robinson</u>, 327 F.3d 328, 332 (4th Cir. 2003); <u>Cook v. New York State Div. of Parole</u>, 321 F.3d 274, 280 (2d Cir. 2003); <u>Burger v. Scott</u>, 317 F.3d 1133, 1138 (10th Cir. 2003); <u>Kimbrell v. Cockrell</u>, 311 F.3d 361, 364 (5th Cir. 2002)). The Ninth Circuit further noted that three of the four courts decided that the AEDPA statute of limitations begins running in such cases on the date the administrative decision becomes final. <u>Id.</u> at 1084 (citing <u>Wade</u>, <u>Cook</u>, and <u>Burger</u>).[3]

/////

---

[3] The Fifth Circuit held that the limitations period begins to run "when the initial administrative decision is made, before any administrative appeals." <u>Redd</u>, 343 F.3d at 1084 n.11 (citing <u>Kimbrell</u>, 311 F.3d at 363-64).

6

1         In Wade, the petitioner challenged the rescission of his previously accrued good
2 conduct credits when he was re-incarcerated after his parole was revoked.  The Fourth Circuit
3 held that the one-year period of limitation began to run when the petitioner's parole revocation
4 became final.  Wade, 327 F.3d at 333.  Because Wade did not directly appeal his parole
5 revocation, the board's decision to revoke parole became final after thirty days passed.  Id. at 330
6 & 333.  The Fourth Circuit observed that Wade's good conduct credits were rescinded by
7 operation of law on the thirtieth day after his parole revocation, a date that "Wade could have
8 discovered through public sources."  Id. at 333.  In Cook, the petitioner challenged the revocation
9 of his parole.  The Second Circuit held that the one-year period of limitation began to run when
10 the factual predicate for the petitioner's claim could reasonably have been discovered, "i.e., when
11 Cook was notified that the administrative decision to revoke his parole had become final."  Cook,
12 321 F.3d at 280.  In Burger, the petitioner challenged the state's extension of the interval between
13 his parole consideration hearings from one year to three years.  The Tenth Circuit held that the
14 one-year period of limitation began to run on "the undisputed date Burger learned of the change
15 in his parole reconsideration date."  Burger, 343 F.3d at 1138.  In Kimbrell, the petitioner
16 challenged the revocation of good time credits in prison disciplinary proceedings.  The Fifth
17 Circuit held that the one-year period of limitation began to run on the date of the petitioner's
18 disciplinary hearing because "Kimbrell knew he was deprived of several thousand days good-
19 time credit . . . when the hearing was held."  Kimbrell, 311 F.3d at 363-64.

20         In Shelby, the Ninth Circuit decided what it had assumed in Redd: "§ 2244's one-
21 year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the
22 judgment of a State court,' even if the petition challenges a pertinent administrative decision
23 rather than a state court judgment."  391 F.3d at 1062-63 (citation omitted).  The Ninth Circuit
24 again cited Cook, Wade, and Kimbrell, finding these decisions consistent with the language of
25 the statute, the rules of statutory construction, and the purposes of the AEDPA.  Id. at 1063.  The
26 court considered and rejected the Seventh Circuit's decision that the limitation period does not

7

apply to petitions contesting administrative decisions. Id. at 1063-65 (discussing Cox v. McBride, 279 F.3d 492, 493-94 (7th Cir. 2002)). The Ninth Circuit then affirmed the dismissal of Shelby's habeas petition as untimely because Shelby challenged a prison disciplinary decision that resulted in loss of good time credits but failed to file his federal petition within a year after his administrative appeal was denied. Id. at 1062.

In Shelby, the district court had found it undisputed that Shelby's disciplinary decision became final on July 12, 2001, and therefore concluded that Shelby had until July 12, 2002, to file his federal habeas petition. Id. at 1065-66. On appeal, the petitioner argued that, if the one-year period of limitation were found to apply, his case should be remanded for findings of fact pertaining to the date he did discover or could have discovered the date of the agency's final action. Id. 1066. The Ninth Circuit reiterated the application of § 2244(d)(1)(D), noted the holding in Redd that the statute of limitations began to run the next day after the undisputed date on which Redd received notice of the Board's decision, and cited the Burger holding that the limitations period began to run on the undisputed date when Burger learned of the change in his parole reconsideration date. The court concluded that "[h]ere, as in Redd, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary." Id. On this record, the Ninth Circuit ruled that the statute of limitations began to run on July 13, 2001, and expired on July 12, 2002, almost six months before the petitioner filed his federal habeas petition. Id.

In accordance with Redd and Shelby, this court must determine the date of the factual predicate of petitioner's claims by inquiring when petitioner could have learned of the factual basis for his claim, i.e., the Board's denial of his administrative appeal, through the exercise of due diligence. See Redd, 343 F.3d at 1082 & 1084; Shelby, 391 F.3d at 1061. Petitioner has produced evidence that the Board's January 14, 2003 decision was not delivered to him until February 5, 2003. Respondents do not rebut this evidence with any evidence that petitioner received actual notice of the decision at an earlier time. Nor do respondents offer

8

evidence or argument that petitioner could have learned of the decision earlier through the exercise of due diligence.

Petitioner filed his administrative appeal on April 15, 2002, and that appeal was pending for nine months. There is no evidence on the record that petitioner, an unrepresented prisoner with little or no telephone access, had any means of learning of the Board's denial until the written decision was delivered to him by prison officials. Accordingly, the undersigned finds that February 5, 2003, was the date on which petitioner discovered the factual predicate of his claims. This determination is consistent with the cases discussed above: Redd discovered the factual predicate of his claims when he received notice of the Board's decision; Wade discovered the factual predicate of his claims when his parole revocation was revoked and became final thirty days later; Cook discovered the factual predicate of his claims when he was notified that the administrative decision to revoke his parole had become final; Burger discovered the factual predicate of his claims when he learned of the change in his parole reconsideration time; Kimbrell discovered the factual predicate of his claims when his disciplinary hearing was held and he learned he would be deprived of good-time credits; Shelby discovered the factual predicate of his claims upon receipt of timely notice of the denial of his administrative appeal. The petitioner in each of these cases discovered the factual predicate of his claims when he received notice of a triggering event.

For the petitioner in this case, the one-year limitation period began to run on February 6, 2003, the day after he discovered the factual predicate of his claims. It is undisputed that the limitation period ran until petitioner gave his first state habeas petition to prison officials for processing on January 14, 2004. A total of 342 days had passed between the date on which petitioner discovered the factual predicate of his claims and the date on which statutory tolling commenced. It is also undisputed that the limitation period was tolled from January 14, 2004, to March 16, 2005, when the California Supreme Court denied petitioner's final state habeas petition. The limitation period resumed running on March 17, 2005. Four days later, on March

21, 2005, petitioner submitted his federal habeas petition to prison officials for mailing to this court. At that time, more than two weeks remained of the limitation period. Petitioner's federal habeas petition was therefore timely filed, and respondents' motion to dismiss should be denied.

IT IS HEREBY ORDERED that this court's October 3, 2005 findings and recommendations are vacated; and

IT IS RECOMMENDED that respondents' May 5, 2005 motion to dismiss be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 17, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
rubi0638.mtd2